# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

*E-FILED - 1/10/06*

JAMES M. WIMMER, individually and on
behalf of all others similarly situated,

                        Plaintiff,

    v.

APPLE COMPUTER, INC.,

                        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.  C-05-04244 RMW

[PROPOSED] CASE MANAGEMENT
ORDER NO. 1

## I. SCOPE OF ORDER

1.      This Order shall govern the practice and procedure in the above-captioned case, and in all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto pursuant to Civil Local Rule 3-12.  These actions so transferred, filed, or removed and presently known to the Court are listed on **Attachment A** hereto ("Master Case List").  All actions described in this paragraph are hereby coordinated for pretrial purposes only and are hereafter referred to as the "*Apple iPod Nano Litigation.*"

2.      This Order and all subsequent Case Management Orders shall be binding on all parties and their counsel in all cases currently pending or subsequently transferred to the *Apple iPod Nano Litigation* and shall govern each case in the proceedings unless they explicitly state that they relate to specific cases.  This Order does not constitute a determination that these actions should be consolidated for trial, nor does it have the effect of making any person or entity a party to an action in which he, she, or it has not been named and served in accordance with the Federal Rules of Civil Procedure.

3.      The actions currently pending in this Court under Paragraph 1 of this Order are proposed class actions on behalf of consumers of the Apple iPod Nano digital music player ("iPod Nano").  The actions involve claims alleging violations of law in connection with the sale, marketing, manufacture, and/or design of iPod Nanos that are subject to unreasonable amounts and/or types of scratching from normal use.

## II. MASTER DOCKET, FILES AND CAPTION

4.      The Clerk will maintain the above-captioned case as the Master Docket and Master Case File (Case No. C-05-04244 RMW) for the pleadings and papers in the *Apple iPod Nano Litigation*.  All orders, pleadings, motions and other documents will, when filed or docketed in the master case file, be deemed filed and so dated in each case to the extent applicable.

5.      Every paper filed in the *Apple iPod Nano Litigation*, shall have the following caption:    The Clerk will consolidate the above-captioned case.

1

2                         **UNITED STATES DISTRICT COURT**

3                         **NORTHERN DISTRICT OF CALIFORNIA**

4

5    In re: Apple iPod Nano Litigation          )     Case No.  C-05-04244 RMW
                                                )
6    ------------------------------------------ )
                                                )
7    This Document Relates To:                  )
                                                )
8                                               )
                                                )
9                                               )
                                                )
10                                              )
                                                )
11                                              )
                                                )
12                                              )
                                                )
13                                              )
                                                )
14                                              )
                                                )
15                                              )

16

17          6.       When a paper is intended to be applicable to all of the actions included in *the Apple*

18   *iPod Nano Litigation.* the words "All Cases" shall appear immediately below the words "This
                       is Consolidated with
19   Document Relates To:" in the caption set forth above.  The Clerk shall file all such papers in the

20   Master File and note such filings on the Master Docket.

21          7.       When a paper is intended to be applicable to one or more but not all of the actions,

22   this Court's docket number for each such action to which the paper is intended to be applicable and

23   the last name of the first named plaintiff therein shall appear immediately below the words "This

24   Document Relates To:" in the caption set forth above. Extra copies shall be provided to the Clerk

25   by the filing party to facilitate filing and docketing in both the Master File and the specified

26   individual case file(s).

27

28

1        8.    The inclusion of any action in the *Apple iPod Nano Litigation*, whether such action

2    was or will be filed originally or directly in the United States District Court for the Northern

3    District of California or was or will be transferred or removed from some other court, shall not

4    constitute a determination by this Court that jurisdiction or venue is proper in this District. No

5    reference in this Order to actions filed originally or directly in the United States District Court for

6    the Northern District of California shall constitute a waiver of any defendant's contention that

7    jurisdiction or venue is improper and/or that the action should be dismissed or transferred.

8        9.    The Court requests the assistance of all counsel in calling to the attention of the

9    Clerk of this Court the filing, removal, or transfer of any case of which they become aware, which

10   might properly be consolidated with the *Apple iPod Nano Litigation*. To that end, prior to each

11   Status Conference or upon request of the Court, Plaintiffs' Co-Lead Counsel (designated herein in

12   Paragraph 23) and Defendant(s)' counsel shall jointly update the Master Case List.

13

14   **III. ADMISSIONS TO PRACTICE; APPEARANCES**

15       10.    All attorneys for Plaintiffs and Defendant(s) who are members in good standing of

16   their respective Bars may appear and participate in this matter pro hac vice without further order of

17   the Court. Civil Local Rules 11-1 and 11-3 are hereby waived as to any attorney appearing in these

18   actions who is duly admitted to practice before any United States District Court or before the

19   highest court of any state.

20       11.    No party to any of these actions, including actions filed on an original basis in this

21   Court, or subsequently transferred to this Court from another District Court, shall be required to

22   obtain local counsel in this District.

23       12.    Counsel who appeared in a transferor court prior to the transfer need not enter a

24   separate appearance before this Court.

25

26   **IV. FILING AND SERVICE**

27       13.    All papers to be filed with the Court shall be filed electronically pursuant to Civil

28   Local Rules 5-4 and 5-5(b) and General Order No. 45. All attorneys of record shall promptly

PROPOSED] CASE MANAGEMENT ORDER NO. 1    -4-

1 register for electronic filing in this District upon the filing, removal, or transfer of any action to the

2 *Apple iPod Nano Litigation*. Plaintiffs' Co-Lead Counsel shall mail a copy of this Order to any

3 counsel of record in any of the actions currently or subsequently consolidated with the *Apple iPod*

4 *Nano Litigation*, who has not already registered for electronic filing in this District, as well as any

5 subsequent Case Management Orders. Further, Plaintiffs' Co-Lead Counsel shall be authorized to

6 receive notices, stipulations, and Orders on behalf of plaintiffs and shall be responsible for the

7 preparation and transmittal of copies of such notices, stipulations, and Orders as they may receive

8 as Plaintiffs' Co-Lead Counsel to each of the attorneys included on the Master Service List

9 identified herein in Paragraph 15 when such counsel has not yet registered for electronic filing with

10 this District. All papers which are to be filed in any of these actions shall be filed electronically

11 with the Clerk of this Court and not with any transferor court.

12     14.    Until further Order of this Court, Defendant(s) shall serve all papers that are not to

13 be filed with the Court pursuant to Federal Rule of Civil Procedure 5(d), including but not limited

14 to disclosures under Rule 26, deposition notices, interrogatories, requests for documents, requests

15 for admission, responses thereto, and certificates of service thereof, by electronic mail on

16 Plaintiffs' Co-Lead Counsel. Where a paper is applicable to all or substantially all cases, Plaintiffs'

17 Co-Lead Counsel shall also serve such paper on counsel of record for individual plaintiff(s) to

18 whom the paper is applicable. Where a paper to be served by Defendant(s) is applicable to a

19 particular case, Defendant(s)' Counsel shall electronically serve such paper on the counsel of

20 record for the individual plaintiff(s) in that case. The parties shall further meet and confer to

21 identify an electronic method for serving and archiving papers that are not to be filed with the

22 Court (other than documents produced in discovery), such as the service offered by Lexis-Nexis,

23 which shall be the subject of a further Order by this Court.

24     15.    The Clerk and Plaintiffs' Co-Lead Counsel shall maintain a Master Service List

25 containing addresses, telephone and fax numbers, and email addresses for all counsel, and shall

26 indicate whether each counsel is registered for electronic filing with this District. The Master

27 Service List as of the date of this Order is attached hereto as **Attachment B**. The Master Service

1   List shall be periodically updated to ensure that counsel who have not yet registered for electronic

2   filing with this District receive any paper or Order filed in *The Apple iPod Nano Litigation*.

3         16.    When a case which relates to any claim or cause of action which is embraced within

4   the scope of the litigation in *The Apple iPod Nano Litigation* is filed in, removed to, or transferred

5   to this Court, the Clerk of this Court shall:

6               a. Notify Plaintiffs' Co-Lead Counsel and Defendant(s)' Counsel of the filing or

7               transfer of such action; and

8               b. Make the appropriate entry in the Master Docket for the Plaintiff(s) in the newly

9               filed or transferred case.

10        17.    Absent a specific briefing schedule as agreed to by Plaintiffs' Co-Lead Counsel and

11  Defendant(s)' Counsel or ordered by the Court for a specific motion, all motions, other than

12  dispositive motions, shall be filed not less than thirty-five (35) calendar days before the hearing

13  date. Responses to all contested motions, other than dispositive motions, shall be filed not less than

14  twenty-one (21) calendar days before the hearing date. A reply to a response to any motion shall be

15  filed not less than fourteen (14) calendar days before the hearing date. These times may be

16  extended by stipulation and/or by order of Court, on a reasonable basis. The briefing schedule for

17  any dispositive or class certification motions shall be specially set by the Court.

18        18.    All parties shall have an ongoing obligation to meet and confer with Plaintiffs' Co-

19  Lead Counsel, Defendant(s)' Counsel, and any other party to whom the motion may be directed on

20  any application, motion, or petition for a Case Management Order in an effort to resolve

21  outstanding issues before bringing them to the Court. The moving party shall have an obligation to

22  certify in the moving papers that such meet and confer took place and identify which party or

23  parties oppose the application, motion, or petition. No application, motion, or petition for a Case

24  Management Order may be brought by any party except in accordance with the provisions of this

25  section, unless otherwise ordered by the Court or agreed to by Plaintiffs' Co-Lead Counsel and

26  Defendant(s)' Counsel.

27

28

19.     No pleadings or other papers shall be filed on behalf of all plaintiffs unless signed by Plaintiff(s)' Co-Lead Counsel.  No discovery shall be served on behalf of plaintiffs unless signed by Plaintiff(s)' Co-Lead Counsel.

## V. STATUS CONFERENCES; CONSOLIDATED AMENDED COMPLAINT; STAY OF PROCEEDINGS

20.     This Court will convene periodic Status Conferences on the request of Plaintiffs' Co-Lead Counsel and Defendant(s)' Counsel or on its own motion, with Plaintiffs' Co-Lead Counsel to give notice of such scheduled Status Conferences to the Master Service List. In order to aid the court and the parties in preparing for future conferences, Plaintiffs' Co-Lead Counsel and Defendant(s)' Counsel shall confer at least ten calendar days prior to each future status conference to attempt to agree upon a proposed agenda for the conference. The parties shall submit a joint agenda to the extent they agree, and separate agendas for items on which they do not agree, not less than three court days prior to the conference. The agendas are intended to aid the Court in informing itself of the items or issues which the parties desire to raise at the Status Conference, and the Court may amend or augment the agendas as it deems appropriate.

21.     Plaintiffs' Co-Lead Counsel, on behalf of plaintiffs, shall file a Consolidated Amended Complaint in the *Apple iPod Nano Litigation*, consolidating those cases currently listed on the Master Case List.  The Consolidated Amended Complaint shall be filed not more than thirty (30) calendar days after entry of this Order.  Defendant(s)' Counsel, on behalf of defendant(s), shall respond by motion or answer to the Consolidated Amended Complaint not more than thirty (30) calendar days after service thereof.  No motion or pleading responsive to any complaint in the *Apple iPod Nano Litigation* other than the Consolidated Amended Complaint shall be due until a date to be set by this Court.

22.     Any outstanding discovery proceedings and requests are stayed, and no discovery shall be initiated prior to further order by the Court. Any status conference(s), hearing date(s), trial date(s), motion date(s), and any other deadline previously set or noticed in any actions in the *Apple iPod Nano Litigation* are hereby vacated.

1

2 **VI. PLAINTIFFS' CO-LEAD COUNSEL ROLES AND RESPONSIBILITIES**

3     23.      The Court designates Steve W. Berman of Hagens Berman Sobol Shapiro LLP and

4 David P. Meyer of David P. Meyer & Associates Co., LPA, as Plaintiffs' Co-Lead Counsel. The

5 Court reserves the discretion to replace them, on their own request or this Court's own motion,

6 should they become unable to serve in the designated roles.

7     24.      The Court may amend or expand the co-lead counsel's role upon request from the

8 parties, or on its own motion, if and as circumstances warrant.

9     25.      Plaintiffs' Co-Lead Counsel are vested by the Court with the following authority

10 and duties:

11     (1) Appear at periodic Court-noticed status conferences and hearings.

12     (2) Sign and file pleadings relating to all actions.

13     (3) Act on behalf of Plaintiffs in entering into stipulations, and in other necessary

14 interactions between counsel.

15     (4) Initiate, coordinate, schedule, and conduct all pretrial discovery on behalf of

16 Plaintiffs, in coordination with any consolidated or coordinated state court actions.

17     (5) Call meetings of counsel for plaintiffs for any appropriate purpose.

18     (6) Examine witnesses and introduce evidence at hearings.

19     (7) Act as spokesperson for plaintiffs at pretrial proceedings and in response to any

20 inquiries by the Court, subject to the right of any other participating counsel to present non-

21 repetitive individual or different positions.

22     (8) Submit and argue any verbal or written motions presented to the Court on behalf

23 of their respective parties, as well as oppose motions when necessary submitted by other

24 parties.

25     (9) Explore, develop, and pursue all settlement options pertaining to any claim or

26 portion thereof in any case filed in this litigation.

27     (10) Perform such other functions as may be expressly authorized by further orders

28 of the Court.

1

2  **VII. NO WAIVER OF PRIVILEGE OR WORK PRODUCT DOCTRINE**

3      26.    The Court recognizes that cooperation by and among Plaintiffs' counsel and by and

4  among Defendant(s)' counsel is essential for the orderly and expeditious resolution of this

5  litigation. The communication of information among and between Plaintiffs' counsel and among

6  and between Defendant(s)' counsel shall not be deemed a waiver of the attorney-client privilege or

7  the protection afforded attorneys' work product, and cooperative efforts contemplated above shall

8  in no way be used against any Plaintiff by any Defendant or against any Defendant by any Plaintiff.

9  Nothing contained in this provision shall be construed to limit the rights of any party or counsel to

10  assert the attorney-client privilege or attorney work product doctrine.

11

12  **VIII. NEXT STATUS CONFERENCE**

13      27.    Prior to the next Status Conference, Plaintiffs' Co-Lead Counsel and Defendant(s)'

14  Counsel shall meet and confer on the following topics:

15          • Any case management order(s) pertaining to discovery, including the

16          coordination of discovery between these coordinated proceedings and actions

17          pending in state courts; and

18          • A protective order.

19      28.    The next Status Conference is hereby set for __April 7_____, 2006 at

20  __10__:__30__ __a__.m.

21

22

23      **IT IS SO ORDERED.**

24

25  DATED:__1-10-06_____, 2005

26                   /S/ RONALD M. WHYTE_____

26                 **HONORABLE RONALD M. WHYTE**

27                 **UNITED STATES DISTRICT COURT**

28

# Attachment A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Attachment A:
## Master Case List

1. James M. Wimmer v. Apple Computer, Inc. (Case No. C-04244 RMW)

2. Jason Moschella, Samuel R. Allred, Hurr Baqri and David Singer v. Apple Computer, Inc. (Case No. C 05-04372 RMW);

3. Ben Jennings and Roberto Armando Islas Durand v. Apple Computer, Inc. (Case No. C 05-04520 RMW).

# Attachment B

## <u>MASTER SERVICE LIST</u>

### COUNSEL FOR PLAINTIFFS
*James M. Wimmer v. Apple Computer, Inc.*
United States District Court, Northern District, San Jose Division, Case C-05-04244 RMW

LEE M. GORDON
ELAINE T. BYSZEWSKI
***HAGENS BERMAN SOBOL SHAPIRO LLP***
700 South Flower Street, Suite 2940
Los Angeles, CA 90017-4101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
(via email)

DAVID P. MEYER
PATRICK G. WARNER
***DAVID P. MEYER & ASSOCIATES C., PA***
401 NORTH Front Street, Suite 350
Columbus, OH 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066
(via email)

STEVE W. BERMAN
***HAGENS BERMAN SOBOL SHAPIRO LLP***
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
(via email)

### COUNSEL FOR DEFENDANTS:

PENELOPE A. PREOVOLOS
ANDREW D. MUHLBACH
HEATHER A. MOSER
***MORRISON & FOERSTER***
425 Market Street, 32nd Floor
San Francisco, CA 94105
Telephone: (415) 268.7000
Facsimile: (415) 268-7522
(via US Mail)